IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHANSLER DEPAUL MALLARD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:15-CV-0019 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**<u>FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY</u>**

Petitioner CHANSLER DEPAUL MALLARD has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 108th Judicial District Court of Potter County, Texas, for the felony offense of aggravated assault with a deadly weapon and the resultant 40-year sentence. For the reasons set forth below, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

I.
<u>PROCEDURAL HISTORY</u>

On May 9, 2012, petitioner was charged by indictment in Cause No. 65,213 with the offense of aggravated assault with a deadly weapon, enhanced with a previous felony conviction. [ECF 16-12 at 69]. Petitioner entered a plea of not guilty to the offense; however, on April 26,

2013, after a bench trial, the trial court found petitioner guilty and sentenced him to a 40-year term of imprisonment. *See State v. Mallard*, No. 65,213-E. [ECF 16-12 at 71].

On September 25, 2013, the state intermediate appellate court affirmed petitioner's conviction on direct appeal. *Mallard v. State*, 07-13-00145-CR, 2013 WL 5425337, at *1 (Tex. App.—Amarillo Sept. 25, 2013, no pet.). Petitioner did not file a petition for discretionary review.

Petitioner sought collateral review of his Potter County conviction by filing a state habeas corpus petition and, on November 26, 2014, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. *In re Mallard*, No. 82,418-01. [ECF 16-11].

On January 10, 2015, petitioner deposited the instant federal habeas petition in the prison mail system and, on March 17, 2015, respondent filed an answer.

II.
PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States because:

1. He received ineffective assistance of trial counsel when counsel failed to:

    A. Secure a competency hearing;

    B. Present an expert witness to assist with an insanity defense; and

    C. Investigate petitioner's mental health background and present mitigating evidence at sentencing.

2. He was denied his right to compulsory process because trial counsel failed to call an expert witness to testify as to his mental health at a competency hearing and at trial.

3. The prosecutor did not disclose favorable evidence to the defense.

# III.
# STANDARD OF REVIEW

In her March 17, 2015 answer, respondent thoroughly and accurately briefed statutory and case law regarding both the applicable standards of review under 28 U.S.C. §2254 proceedings and claims of ineffective assistance of counsel. [ECF 18 at 4-8]. The Court will not repeat respondent's recitation regarding these standards of review, except to acknowledge an ineffective assistance of counsel claim requires petitioner to show defense counsel's performance was both deficient and prejudicial under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If a petitioner fails to show either the deficiency or prejudice prong of the *Strickland* test, the court need not consider the other prong. *Id.* at 697. Moreover, when a state prisoner asks a federal court to set aside a conviction or sentence due to ineffective assistance of counsel, the federal court is required to use the "doubly deferential" standard of review that credits any reasonable state court finding of fact or conclusion of law and that presumes defense counsel's performance fell within the bounds of reasonableness. *Burt v. Titlow,* ___ U.S. ___, 134 S.Ct. 10, 13, 187 L. Ed. 2d 348 (2013).

# IV.
# MERITS

## A.
## Ineffective Assistance of Counsel

Petitioner's claims of ineffective assistance of counsel are interrelated in that they each revolve around his mental health issues. Petitioner alleges trial counsel failed to "secure" a court ordered competency hearing, failed to present an expert witness to assist with the preparation and presentation of an insanity defense and failed to call witnesses in the mental health field to present

mitigating evidence at sentencing.[1] Petitioner's arguments are conclusory, without merit, and should be denied.

1. *Factual Basis for Claims*

The trial court appointed counsel for petitioner on August 13, 2012. [ECF 16-2 at 13]. Trial counsel filed a Motion for Examination Regarding Insanity and on October 31, 2012, the trial court entered an Order for Examination Regarding Insanity. [ECF 16-2 at 23, ECF 16-12 at 59]. The order directed petitioner to submit to an examination by Steven Schneider, licensed psychologist. Dr. Schneider conducted an examination of petitioner on December 17, 2012 and issued his report to the trial court on January 31, 2013. [ECF 16-12 at 60-66]. The doctor's Finding Regarding Sanity stated, "The defendant did know, at this time and at the time of the commission of the alleged offense, whether his conduct was right or wrong and was capable of conforming his conduct to the requirements of the law." [*Id*. at 61]. In his conclusion, the doctor wrote, "He was sane at the time of the evaluation and every indication is that he has not experienced any period of insanity – including the period encompassing the alleged offense." [*Id*. at 64]. It does not appear from the record that the trial court further explored the insanity issue after receiving the report. As evidenced on the state court's Docket Sheet, Orders of Court, the trial judge did not enter any orders between the trial court's order for evaluation regarding insanity and the trial court's order finding petitioner guilty after bench trial. [ECF 16-12 at 80].

2. *Lack of Competency Hearing*

Petitioner's first ineffective assistance of counsel claim centers on the absence of a competency hearing in his case. A person cannot be subjected to a trial if the person's mental condition results in a lack of capacity to understand the nature of the criminal trial proceedings, an

---

[1] In his pleadings, petitioner appears to confuse the distinct concepts of competency to stand trial and the defense of insanity, making the analysis of his claims somewhat repetitive.

ability to consult with counsel, and an ability to assist in preparing a defense. *Drope v. Missouri*, 420 U.S. 162, 171, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). If evidence before the trial court presents a bona fide doubt about the defendant's competency, the trial court must hold a competency hearing. *Pedrero v. Wainwright*, 590 F.2d 1383, 1387 (5th Cir 1979). Petitioner's claim that there was a *court-ordered* competency hearing is incorrect.[2] The record before this Court clearly shows the trial court did not order a competency hearing for petitioner, and nothing in the record indicates it should have done so.

To the extent petitioner argues that counsel was ineffective for failing to secure a competency hearing, that claim is without merit, conclusory and should be denied. Significantly, petitioner has put forth no evidence to show that he was incompetent at the time of his April 2013 bench trial or even that there was any reason for either his trial counsel or the state trial judge to question his competence. Throughout this federal habeas proceeding, petitioner has not only referenced several physicians whom he claims have previously provided petitioner mental health treatment, but has also urged the Court to obtain various medical records kept by these treating physicians. Additionally, petitioner has submitted, under seal, medical records from these treating physicians that he argues are relevant to his case. It appears Dr. Schneider reviewed at least some of the records referenced by petitioner during the court-ordered Sanity Evaluation. Dr. Schneider states in his January 2013 report,

> Records from Texas Panhandle Centers (TPC) of 6/19/12 indicated that as of that time, Patient has no clear history of psychosis. Diagnostic data from TPC records indicate major depression, gastroesophageal reflux, hypertension and a history of alcohol abuse. Records indicate a lifelong history of fighting and going off on people as well as episodic periods of inebriation. TPC contact and involvement appear to have been prompted by the defendant's mood which fluctuates based on his compliance to his medication, his use of alcohol and the level of satisfaction he experiences with the relationships he has.

---

[2] While it is unclear from petitioner's pleadings, it is possible that petitioner is referring to the court-ordered examination by Dr. Schneider regarding insanity.

[ECF 16-12 at 63, internal quotations removed].

The Court notes the records referenced from TPC include petitioner's history up to June 19, 2012; accordingly, those records encompass the offense date, approximately three (3) months earlier, in March of 2012. Nothing in these records appears to have raised any concerns with Dr. Schneider as to sanity and also presumably as to competency. As argued by respondent, while Dr. Schneider made certain findings about petitioner's mental infirmities, those mental problems were insufficient to warrant a finding of incompetency or insanity. [ECF 18 at 10 citing *Bouchillon v. Collins*, 907 F.2d 589, 593 (5th Cir. 1990) ("Not all people who have a mental problem are rendered by it legally incompetent.")]. Further, the record reflects petitioner conversed with the trial judge on the day of his bench trial, identified himself to the trial court, acknowledged the enhanced charges against him, acknowledged the possible range of punishment, acknowledged he received a copy of the indictment and had reviewed it with counsel, and entered a plea of not guilty. [ECF 16-6 at 7-8].

Petitioner has not brought forth any evidence to show that he was unable to consult with trial counsel with a reasonable degree of rational understanding; indeed, as set forth above, he admitted to the trial court he had discussed his case with trial counsel. Further, his affirmative waiver of a jury trial in favor of a bench trial after a discussion with his attorney demonstrates his knowing participation in the proceedings against him. [ECF 16-2 at 27; 16-12 at 57-58]. Nor has petitioner provided any evidence that he was unable to command a rational or factual understanding of the proceedings against him. Petitioner has wholly failed to demonstrate he was unable to fulfill even these basic elements of the minimum standard of incompetency. *See Carter v. Johnson*, 131 F.3d 452, 461 (5th Cir 1997). As such, petitioner has not shown deficient performance or prejudice due to counsel's failure to request a competency examination, and his

claim should be denied. *See Moody v. Johnson*, 139 F.3d 477, 481-82 (5th Cir. 1998); *Carter v. Johnson*, 131 F.3d at 463-464.

### 3. Failure to Present Witnesses with Regard to Insanity Defense

Petitioner next contends trial counsel failed to present an expert witness to assist with the preparation and presentation of an insanity defense. Such claim is also without merit. For the reasons set forth *supra*, licensed psychologist Steven Schneider's opinion would not have assisted petitioner in an insanity defense. In his report, the doctor listed the Criteria for Determination of Insanity from the Code of Criminal Procedure § 8.01, insanity being an affirmative defense to prosecution. Nevertheless, the doctor determined that petitioner knew, both at the time of the commission of the offense and at the time of examination, whether his conduct was right or wrong and further determined petitioner was capable of conforming his conduct to the requirements of the law. [ECF 16-12 at 60-61]. Dr. Schneider concluded petitioner had not experienced any period of insanity – including the period encompassing the alleged offense. [*Id*. at 64].

Petitioner's trial counsel submitted an affidavit in the state habeas proceeding and therein stated, "Upon receipt of [Dr. Schneider's] report, I informed [petitioner] of the findings. I informed him that based on that report an insanity defense was no longer an option." [ECF 16-12 at 57]. Counsel's affidavit further advises that once she discussed this with petitioner, including the possible outcomes and consequences of each of his options, petitioner opted to have a bench trial. [*Id.* at 57-58].

Further, petitioner's general allegations that trial counsel failed to obtain witnesses to testify are not only without merit, but they are also vague, conclusory and do not present a constitutional issue. *Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir. 2000) (citing *Ross v. Estelle,*

694 F.2d 1008, 1012 (5th Cir. 1983)). Even if petitioner were correct, and there were witnesses who could have testified about his mental health as it related to the issue of his sanity, petitioner has not set out, with requisite specificity, the testimony these witnesses would have offered and how that testimony would have been used as a defense to his prosecution. Petitioner has not submitted affidavits from these purported witnesses showing what their testimony would have been or how the lack of such testimony has prejudiced him. In fact, petitioner's allegation is non-specific to the degree that he alleges these medical witnesses could "possibly" offer defense evidence. Any testimony about petitioner's past mental health treatment or his mental health assessments does not automatically rise to the level of insanity, and petitioner's conclusory allegations have not shown otherwise. Accordingly, petitioner's claim of ineffective assistance based on failing to call trial witnesses with regard to an insanity defense is not plausible.

*4. Failure to Investigate and Present Mitigating Evidence at Sentencing*

By his third claim of ineffective assistance of counsel, petitioner alleges trial counsel failed to investigate petitioner's background and present mitigating evidence at sentencing, all related to his mental health history. The Sixth Amendment requires counsel "to make a reasonable investigation of defendant's case or to make a reasonable decision that a particular investigation is unnecessary." *Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997). Strategic choices made after a thorough investigation of both the law and facts are "virtually unchallengeable." *Strickland*, 466 U.S. at 690-91. Even strategic choices made after a less than complete investigation are "reasonable" to the extent that reasonable professional judgments support the limitations on investigation. In determining the reasonableness of an attorney's investigation, this court must directly assess a particular decision not to investigate "for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's

judgments." *Id.* The court must also consider not only the evidence already known to counsel, but additionally whether such evidence would lead reasonable counsel to investigate further. *Wiggins v. Smith,* 123 S.Ct. 2527, 2538 (2003). The reasonableness of an investigation depends in large part on the information supplied by the defendant. *See Ransom*, 126 F.3d at 123. Counsel should, at a minimum, interview potential witnesses and independently investigate the facts and circumstances of the case. *Bryant v. Scott*, 28 F.3d 1411, 1415 (5th Cir. 1994). Even so, counsel is not required to investigate everyone mentioned by the defendant. *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985).

A defendant who alleges counsel was deficient for failing to investigate "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Here, petitioner appears to argue trial counsel's failure to investigate and present mitigating evidence at sentencing affected the outcome of his trial. To the extent petitioner rests his claim on trial counsel's failure to call witnesses at sentencing, including Dr. Schneider or other treating mental health professionals, who were familiar with his history, his claim should be denied.

As argued by respondent, if petitioner is of the opinion that the presentation of these witnesses could have garnered him some sympathy from the trial court, such presentation of witnesses could also have resulted in the negative consequence of an aggravated finding of future dangerousness. [ECF 18 at 12]. In any event, it appears at the very least trial counsel exercised her ability to make a strategic choice and opted to proceed without these witnesses. On federal habeas corpus review, this Court may not second-guess defense counsel's decision to refrain from putting these witnesses on the stand, either at trial or sentencing, when that decision was clearly a matter of strategy. Complaints of uncalled witnesses are not favored because courts consider those

decisions to be trial strategy, and strategic choices, made after a thorough investigation of both the law and facts, are "virtually unchallengeable." *Strickland v. Washington*, 466 U.S. 668, 690-91, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984). This is a heavy burden requiring a "substantial," and not simply a "conceivable," likelihood of a different result. Petitioner has not met this burden. Consequently, his claim in this regard should be denied.

B.
Denial of the Right to Compulsory Process

By his next claim, petitioner contends his Sixth Amendment right of compulsory process was violated because trial counsel failed to present three expert witnesses, Dr. Schneider and two mental health professionals who had previously treated petitioner, in support of his insanity defense. Assuming *arguendo* petitioner presents a claim that survives the context of ineffective assistance of counsel, his claim as to uncalled witnesses still fails. To show a violation of this constitutional right, petitioner must show more than that he was deprived of certain testimony; he must instead "make some plausible showing of how [that] testimony would have been both material and favorable to his defense." *United States v. Valenzuela-Bernal,* 458 U.S. 858, 867, 102 S.Ct. 3440, 3446, 73 L.Ed.2d 1193 (1982).

As discussed above, petitioner has not made such a showing. First, as set out herein, Dr. Schneider, by his report, found petitioner knew whether his conduct was right or wrong and determined petitioner was capable of conforming his conduct to the requirements of the law. [ECF 16-12 at 60-61]. Dr. Schneider further determined petitioner had not experienced any period of insanity – including the period encompassing the alleged offense. [*Id*. at 64]. Second, petitioner, by his own argument, concedes that despite his own attempts, one of his treating mental health physicians refused to commit him for treatment three times, a fact, which if true, would not appear to be favorable to an insanity defense. [ECF 3 at 24]. Petitioner has failed to

show the violation of a right secured to him by the United States Constitution; thus, his claim as to denial of compulsory process should be denied.

C.
Mitigating Evidence - *Brady* Violation

By his final claim, petitioner argues exculpatory and mitigating evidence existed that was favorable to him and material to either the guilt or punishment phase of his trial, including impeachment evidence, and that this evidence was withheld from him in violation of the Fourteenth Amendment. [ECF 3 at 25]. Specifically, petitioner appears to state that he informed the trial court, on October 29 and October 31, 2012, that he was a client of the Texas Panhandle Center M.H.M.R.[3] Service, and that this fact, combined with his in-court demeanor, created "a bona fide doubt about the appellant (sic) competency to stand trial." [ECF 3 at 26]. Petitioner argues it was this doubt that led the trial court to order a psychiatric examination and to order a competency[4] hearing, and that "These two procedures was (sic) not disclosed to the Defense." [ECF 3 at 26-27]. First, it is unclear how petitioner can argue the defense was unaware of the trial court's order for psychiatric evaluation when the record clearly shows trial counsel filed a Motion for Examination Regarding Insanity, which the trial court granted on October 31, 2012. [ECF 16-2 at 23, ECF 16-12 at 59]. Further, Dr. Schneider examined petitioner, and his report submitted to the trial court. [ECF 16-12 at 60-66]. Petitioner's claim in this regard should fail.

Petitioner has argued, throughout his habeas pleading, that the trial court ordered a competency hearing. With regard to his *Brady* violation claim, petitioner appears to argue the trial court's order was not disclosed to the defense. As discussed herein, however, there is no evidence in the record before this Court that the trial court judge ever ordered a competency

---

[3] The Court interprets this abbreviation to stand for Mental Health Mental Retardation.
[4] As mentioned above, it appears petitioner is confusing his court-ordered examination by Dr. Schneider, for purposes of being able to assert an insanity defense, with a competency hearing. The record before this Court does not show that a competency hearing was either ordered or held.

hearing. Consequently, petitioner's claim the prosecution withheld evidence in violation of *Brady* and in violation of the Fourteenth Amendment is without merit.

## V.
## AEDPA Relitigation Bar

Finally, this Court recognizes the state habeas court considered petitioner's claims raised herein and denied relief. In order to grant federal habeas corpus relief, a petitioner must demonstrate, and this Court must find, the state court determination of the facts was unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2). Where applicable, the state court's findings of fact "are 'presumed to be correct' unless the habeas petitioner rebuts the presumption through 'clear and convincing evidence.'" *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006), *quoting* 28 U.S.C. § 2254(e)(1). This presumption extends not only to express findings of fact, but to the implicit findings of the state court as well. *See Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted). In determining whether the state court decision was unreasonable, this Court must be careful not to substitute its judgment for that of the state court. In other words, a determination that the state court reached the wrong result or that the state court decision was incorrect, is insufficient. Denial of relief based on a factual determination will not be overturned unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

Alternatively, in order to grant relief, a petitioner must demonstrate, and this Court must find, the state court decision resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1). The state court's application of the law must

be "objectively unreasonable," not "merely erroneous" or "incorrect." *Cobb v. Thaler*, 682 F.3d 364 (5th Cir. 2012). The AEDPA standard is met only in cases where there is no possibility a fair-minded jurist could disagree that the state court's decision conflicts with Supreme Court precedent. *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011).

Petitioner has not met his burden; therefore, based on the record in the state habeas proceedings, there does appear to be a reasonable basis for the state court's decision in petitioner's case. The relitigation bar of section 2254(d) forecloses relief to petitioner in this federal habeas proceeding.

## VI.
## RECOMMENDATION

For the above reasons and the reasons set forth in respondent's March 17, 2015 Response [ECF 18], it is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that the petition for a writ of habeas corpus filed by petitioner CHANSLER DEPAUL MALLARD be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 4, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).